Mn. Justice Westcott
delivered the opinion of the court.
The ground urged for the reversal of the judgment herein rendered is alleged error in the Circuit Court, in not arresting the judgment upon appellants’ motion.
The respondent Addie A. Johns filed her petition in the County Court of Bradford county, praying 4an assignment and allotment of dower in the real estate of her deceased husband, that her .interest in the personal property might be set off, and that 'the executors of her husband’s will might be required -to give bond. The prayer of the petitioner was denied. -She took an appeal to the Circuit Court for Bradford county. In that court, upon an allegation under oath, that she feared she would not receive a fair trial because the executors had an undue influence over0 the minds of the inhabitants of the county, it was ordered “that the venue be changed to Duval county, and the case be transferred, and the papers sent to the clerk of said court.” After-the cause was transferred in compliance with this order, J. M. Johns, one of the executors, made an affidavit under the same statute, (act of November 23rd, 1828, Duval’s Compilation, 96; Thomp. Dig., page 333,) to the effect that he feared that he would not receive a fair trial “on account of the judge of the court, where the suit is depending, being prejudiced,” and the venue was changed to Putnam county, in the Fifth, another and different Judicial Circuit.
We have here a second transfer of this case, a second change of venue. The statute controlling the subject provides that there shall not be more than one removal of the same cause. (Thomp. Dig., 333.) Under this statute we do not think there can be a waiver of errors, so as to give jurisdiction.
The Circuit Court of Putnam county can have no jurisdiction except under the statute, and, as it positively prohibits more than one removal, we cannot see how this proceeding can be sustained. The cases called to our attention are cases where a transfer can be made under the statute. In such cases, if the order making the transfer is found m the record, and the parties appear, mere irregularities are waived.
This is not a proceeding under the act of January 24, 1851, entitled an act to provide for the more effectual administration of justice in the courts of this State. That act relates to causes disqualifying a judicial officer. . The aqt under which this proceeding is had is special, and the clause prohibiting more than one removal must control in the cases covered and provided for by it.
The judgment is reversed, and the cause, and all papers connected therewith, will be remanded to the Circuit Court of Duval county, there to be disposed of in accordance with law.